**LANOLIN PLUS COSMETICS, Inc. v. MARZALL, Commissioner of Patents, et al.**

No. 11207.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 26, 1952.

Decided April 17, 1952.

1. Diamond v. Berman, D.C.D.C.1951, 95 F. Supp. 73.

James R. McKnight, Chicago, Ill., of the Bar of the Supreme Court of Illinois, *pro hac vice,* by special leave of court, with whom Emory L. Groff, Washington, D. C., was on the brief, for appellant.

Horst von Maltitz, New York City, of the Bar of the Court of Appeals of New York, *pro hac vice,* by special leave of court, with whom Alfons B. Landa and Raymond C. Cushwa, Washington, D. C., were on the brief, for appellee Botany Mills, Inc.

E. L. Reynolds, Sol., United States Patent Office, Washington, D. C., entered an appearance for appellee John A. Marzall, Commissioner of Patents.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

PER CURIAM.

Appellant sued under R.S. § 4915, 35 U.S.C.A. § 63, to register Lanolin Plus as a trade mark for soap and cosmetics. The Patent Office and the District Court held that as applied to such articles the mark is "descriptive" and therefore not entitled to registration under the Trade Mark Act of 1905, § 5, 33 Stat. 725–726, 15 U.S.C. A. § 85(b).[1] Appellant appears to be right

in its contention that a number of similar trade marks which the Patent Office has registered are equally descriptive. But the fact that the Office has erred in those instances does not mean it should err in this one.

Affirmed.

---

1. The Patent Office proceeding was begun before July 5, 1947. Section 2e of the Trade Mark Act of 1946, 60 Stat. 429, 15 U.S.C.A. § 1052(e), is not applicable to "any suit, proceeding, or appeal then pending." 60 Stat. 444. Both the old Act and the new use the word "descriptive".